UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SUZANNE WINDSOR,

    Plaintiff,

v.

BOARD OF EDUCATION OF PRINCE
GEORGE'S COUNTY, MARYLAND,
JANICE BRISCOE, *in her individual capacity*,
KARYN LYNCH, *in her individual capacity*,
and
JACQUELINE NAVES, *in her individual capacity*,

    Defendants.

Civil Action No. TDC-14-2287

## ORDER

On December 12, 2017, a jury returned a verdict in favor of Defendants Board of Education of Prince George's County, Maryland; Janice Briscoe; Karyn Lynch; and Jacqueline Naves on all of Plaintiff Suzanne Windsor's claims. After the verdict was taken, Windsor moved, for the first time, for judgment as a matter of law on her claims. The Court set a deadline of December 19, 2017 for briefing on the motion. On December 20, 2017, Windsor filed two motions. Pursuant to Federal Rules of Civil Procedure 50 and 59, Windsor filed a Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for a New Trial (the "Rule 50/59 Motion"), ECF No. 125. Pursuant to Rule 60(b)(3), Windsor filed a Motion for this Court to Grant a New Trial (the "Rule 60 Motion"), ECF No. 126. Defendants oppose the Motions and have also filed a Motion to Strike the filings as untimely, ECF No. 128. For the reasons set forth below, all of the Motions are DENIED.

To begin, Defendants request that the Court strike Windsor's Motions as untimely. As the transcript of the proceedings confirms, Windsor was informed by the Court that any post-trial motions were due by December 19, 2017. On notice of that deadline, Windsor failed to meet it, a failure that was another incident in a troubling pattern of Windsor's failures to abide by the Court's scheduling requirements and time limits throughout the case and trial. Nevertheless, because, by rule, a party ordinarily has 28 days within which to file post-trial motions, and the filings were made within that time period, the Court will not strike the Motions as untimely. *See* Fed. R. Civ. P. 50(b), (d), 59(b).

To the extent that Windsor's Rule 50/59 Motion seeks judgment notwithstanding the verdict, also known as a judgment as a matter of law, it necessarily fails. Federal Rule of Civil Procedure 50 requires that any such motion be made "before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). After the jury has returned its verdict, the rules permit only a renewal of a previously made motion. *See* Fed. R. Civ. P. 50(b). Because Windsor made no such motion at the close of the evidence, her post-verdict motion is procedurally improper and thus will be denied. *See Herrington v. Sonoma Cty.*, 834 F.2d 1488, 1500 (9th Cir. 1987) (noting that "a motion for a directed verdict *at the close of all the evidence* is a prerequisite for a post-trial motion for JNOV" and that this requirement "is to be strictly observed"); *see also* 9B Charles Allan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2537 (3d ed. 2010) (stating that "the district court only can grant the Rule 50(b) motion on the grounds advanced in the [Rule 50(a)] motion, because the former is conceived of only as a renewal of the latter").

Alternatively, Windsor's Rule 50/59 Motion seeks a new trial pursuant to Rule 59. A court may grant a motion for a new trial "for any reason" for which a new trial had been granted in a federal trial. Fed. R. Civ. P. 59(a)(1)(A). Typically, a new trial may be warranted if the

2

verdict is against the "clear weight of the evidence." *Williams v. Nichols*, 266 F.2d 389, 392 (4th Cir. 1959). While a Rule 50 motion requires the Court to evaluate the evidence in the light most favorable to the non-moving party, a Rule 59 motion has a more flexible standard, requiring the court to conduct a "comparison of opposing proofs." *Id.* at 393. Even under that more generous standard, however, Windsor's Motion fails.

Having observed the trial and upon consideration of the full record, the Court finds no basis to grant a new trial. At trial, Windsor alleged employment discrimination and retaliation arising from three occasions when she was not promoted or re-assigned to a more favorable position and alleged mistreatment afterwards. Windsor offered no direct evidence of discriminatory intent by the decisionmakers for any of those personnel actions. Defendants, however, provided testimony and evidence that the selections were made for non-discriminatory reasons focused on the backgrounds and qualifications of the successful applicants. The evidence offered by Windsor to rebut such testimony focused on tangential incidents in which she was allegedly treated unfairly by supervisors, but which were largely unconnected to the hiring decisions, to race, or to prior protected activity. Notably, the evidence established that other School Board personnel, not within the protected class, were also treated unfairly by the same supervisors. She also offered evidence that certain decisionmakers had personal relationships with successful candidates, but such evidence did not reveal any racial or retaliatory motivation for their decisions. Such evidence did not effectively refute Defendants' evidence or otherwise demonstrate that Defendants acted with discriminatory or retaliatory intent. After comparing the opposing proofs offered by the parties at trial, the Court is satisfied that the jury's verdict was not against the clear weight of the evidence. The Rule 50/59 motion will therefore be denied.

Windsor also moves pursuant to Rule 60(b)(3) for relief from judgment, and seeks a new trial, on the grounds that the trial was marred by fraud and misconduct by Defendants. Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, a party must establish (1) a meritorious defense, (2) misconduct by the non-moving party by clear and convincing evidence, and (3) that the misconduct prevented the moving party from fully presenting her case. *Schultz v. Butcher, III*, 24 F.3d 626, 630 (4th Cir. 1994). Windsor fails to satisfy these requirements.

First, Windsor asserts that Defendants' counsel engaged in misconduct by failing to disclose that he "previously represented her as he advised her Union Representative" on matters that were referenced during the trial. Rule 60 Mot. ¶ 15. Notably, Windsor would have necessarily been aware of any such relationship and never raised it before trial. In any event, Windsor has not offered persuasive evidence that defense counsel acted inappropriately, or that any such prior activity prevented her from fully presenting her case to the jury.

Second, Windsor appears to assert that Defendants suborned perjury, attaching to her Motion various documents that, she contends, establish that certain trial testimony was false. To the extent that some of the documents appear to contradict certain trial testimony, however, they do not establish by clear and convincing evidence that Defendants were suborning perjury, where discrepancies, such as whether there was more than one discrimination complaint against Naves, could have been based on innocent mis-recollection. More importantly, these documents, most if not all of which date from 2013 to 2015, were available to Windsor before trial. Because Windsor was in a position to reveal the alleged falsehoods through cross examination, she cannot establish that she was prevented from fully presenting her case.

Further, the testimony to which the documents relate consisted of collateral matters. Windsor complains that Amana Simmons, the School Board's Equal Employment Opportunity

officer, falsely testified that Windsor was the only person to have filed a discrimination complaint against Naves, that Shauna Battle falsely testified about Anthony Boyd's position, and that Janice Briscoe falsely testified that she had not been previously demoted based on her interactions with Windsor. None of this testimony relates to the primary issues in the case of whether Windsor was subjected to race discrimination in certain promotion or reassignment decisions or was subjected to retaliation. Windsor fails to articulate how the alleged false testimony on such side issues would have prevented her from fully presenting her case. Because Windsor has not established that she is entitled to relief under Rule 60(b)(3), her Motion will be denied. *Schultz*, 24 F.3d at 630.

Accordingly, it is hereby ORDERED that

1. Windsor's Rule 50/59 Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for a New Trial, ECF No. 125, is DENIED.
2. Windsor's Rule 60 Motion for a New Trial, ECF No. 126, is DENIED.
3. Defendants' Motion to Strike, ECF No. 128, is DENIED.

The Clerk is directed to close the case.

Date: February 8, 2018

THEODORE D. CHUANG
United States District Judge